IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID L. WEIK,<br><br>        Plaintiff,<br><br>vs.<br><br>JIM ASBY, ET AL, individually; AND official capacity; AND, TERESA POSIE, ET AL, individually; AND, official capacity; AND T&J WOOD PRODUCTS LLC; AND, CARLA HARDY, ET AL, individually; AND RYDEL PETERSON, ET AL, individually; DOES I-X; JANE DOES I-X; JOHN DOES I-X; CORPORATIONS I-X; XYZ PARTNERSHIPS I-X,<br><br>        Defendants. | CV 23–145–M–DLC<br><br>ORDER |

United States Magistrate Judge Kathleen L. Desoto entered Findings and Recommendation in this matter on June 4, 2024. (Doc. 30.) For the reasons herein, the Court adopts Judge DeSoto's Findings and Recommendation in full.

Because no parties objected, they are not entitled to de novo review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d

- 1 -

1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

First, Judge DeSoto found that Plaintiff Weik failed to sufficiently establish that Defendants Asby, Posio, Peterson, and Hardy were acting under color of state law or participating in joint action with a state actor, and therefore, Weik failed to state a claim for relief under 42 U.S.C. § 1983. (Doc. 30 at 12–13.) Second, Judge DeSoto found that Weik failed to meet the standards of a civil conspiracy claim pursuant to 42 U.S.C. §1985. (*Id.* at 14.) Because Weik failed to state claims for relief under §§ 1983 and 1985, Judge DeSoto found that Weik's claim for damages under 42 U.S.C. § 1988 must also fail. (*Id.* at 30.) Third, Judge DeSoto found that Weik failed to exhaust administrative requirements as to his Taxpayer First Act ("TFA") claim. Weik requested that this claim be dismissed without prejudice and Judge DeSoto found that dismissal without prejudice was proper. (*Id.* at 17, 20.) Fourth, because Weik failed to state a claim for relief under federal law, Judge DeSoto recommends that the Court decline to exercise supplemental jurisdiction over his state law claims. (*Id.* at 18.) Fifth, Judge DeSoto found that granting Weik leave to amend his claims under §§ 1983, 1985, and 1988 would be futile and therefore, those claims should be dismissed with prejudice and without leave to amend. (*Id.* at 20.) Finally, Judge DeSoto found

that "[b]ecause Weik fail[ed] to state a claim for relief under federal law and the Court should decline to exercise supplemental jurisdiction over his state law claims, Asby and Peterson's motion to quash the lis pendens attached to their land should be granted."  (*Id.* at 18–19.)   Reviewing for clear error, the Court finds none.

Accordingly, IT IS ORDERED that Defendant Hardy's Motion to Dismiss (Doc. 9) and Defendants Asby, Posio, and Peterson's Motion to Dismiss (Doc. 12) be GRANTED.   Counts 4, 5, and 6 of the Complaint are DISMISSED WITH PREJUDICE.   Counts 1, 2, 3, and 7 of the Complaint are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Weik's Motion to Dismiss Count One (Doc. 16) is GRANTED.

IT IS FURTHER ORDERED that Asby and Peterson's Motion to Quash Lis Pendens (Doc. 24) is GRANTED.

The Clerk of Court is directed to close this file.

DATED this 1st day of July, 2024.

_____
Dana L. Christensen, District Judge
United States District Court